FILED
SUPERIOR COURT
OF GUAM

2022 JAN -4 PM 4:50

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,**<br><br>v.<br><br>**JONATHAN JAMES TAYLOR,**<br>DOB: 10/27/1992<br><br>Defendant. | **Criminal Case No. CF0306-19**<br>GPD Report No. 19-15339<br><br>**DECISION AND ORDER FINDING DEFENDANT COMPETENT TO STAND TRIAL AND REJECTING PLEA OF NOT GUILTY BY REASON OF MENTAL ILLNESS, DISEASE, OR DEFECT** |

### INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on July 8, 2021 for a Competency Hearing. Assistant Attorney General Renaida San Nicolas represents the People, and Assistant Public Defender Peter Sablan represents Jonathan James Taylor ("Defendant"). Having duly considered the Defendant's Forensic Evaluation, Dr. Rapadas's testimony, the parties' oral arguments, and the applicable law, the Court now issues the following Decision and Order and **finds Defendant competent to stand trial and rejects Defendant's plea of Not Guilty By Reason of Mental Illness, Disease, or Defect.**

### BACKGROUND

On May 28, 2019, Defendant was arrested and charged with Charge One: Theft of a Motor Vehicle (as a 2nd Degree Felony), Charge Two: Burglary to a Motor Vehicle (as a 2nd Degree Felony), Charge Three: Unauthorized Use of a Motor Vehicle (as a Misdemeanor), and Charge Four: Criminal Trespass (as a Misdemeanor). See Indictment (Jun. 14, 2019). Defendant allegedly stole a parked vehicle from the University of Guam. See Magistrate's Complaint (May 29, 2019).

Decision and Order Finding Defendant Competent to Stand Trial and Rejecting Plea of Not Guilty By Reason of Mental Illness, Disease, or Defect
CF0306-19, *People of Guam v. Jonathan James Taylor*
Page 1 of 4

On August 5, 2019, Defendant pled Not Guilty By Reason of Mental Illness, Disease, or Defect ("NGRI plea"). See Minute Entry (Aug. 5, 2019). Pursuant to 9 G.C.A. §7.25, the Client Services and Family Counseling Division of the Superior Court of Guam ("CSFC") arranged for Defendant to undergo a forensic evaluation with a qualified psychologist. See Order for Forensic Evaluation (Aug. 9, 2021). Dr. Juan Rapadas, an expert clinical psychologist at CSFC, conducted the forensic evaluation on Defendant on September 11, 2019. See Forensic Evaluation at 2 (Sep. 23, 2019).

The Court held a competency hearing on July 8, 2021 to determine Defendant's competency to stand trial and to review his NGRI plea. After hearing the arguments of the parties, and receiving a supplemental Informational Report filed by Probation on September 27, 2021, the Court took the matter Under Advisement.

## DISCUSSION

### I. Defendant is currently competent to stand trial.

"A defendant is incompetent to be proceeded against in a criminal action if, as a result of mental illness... he is unable (1) to understand the nature of the proceedings, (2) to assist and cooperate with counsel, (3) to follow the evidence, or (4) to participate in his defense." See 9 G.C.A. § 7.37(a)(1)-(4).

Defendant appeared mentally sound throughout the ninety-minute forensic evaluation, and showed a solid understanding of reality. See Forensic Evaluation at 4 (Sep. 23, 2019). Defendant understood why he was taking a forensic evaluation and the circumstances surrounding it. Id. at 2. Defendant spoke in a "somewhat slow" manner, but his speech content was appropriate to mood and situation. Id. at 4. Defendant's speech was organized and focused, and he was able to understand and respond to all questions that were asked. Id. at 4. Defendant also showed reliable short and long-term memory, explicitly detailing his childhood, family life, education, and work history. Id. at 2-3.

Decision and Order Finding Defendant Competent to Stand Trial and Rejecting Plea of Not Guilty By Reason of Mental Illness, Disease, or Defect
CF0306-19, *People of Guam v. Jonathan James Taylor*
Page 2 of 4

Defendant underwent a mini-mental status examination ("MMSE"), which is a brief test used to gage the Defendant's current orientation, object registration, attention, memory, and language recognition skills. Id at 4-5. Defendant only scored a 21/30 on the MMSE, which signals he "may possibly be suffering from overall cognitive weaknesses and/or dementia/memory problems." Id. at 5. Defendant also took a Test of Non-Verbal Intelligence, 4th Edition ("TONI-4), which is a test used to measure general cognitive ability. Id. at 5. Defendant scored in the 30th percentile, placing him in "the average range" of functioning. Id. at 5.

Defendant's understanding of the criminal proceedings also seems fair. Defendant knew numerous details surrounding his case, including the nature of the charges against him and the name of his judge. Id. at 6. Defendant also knew basic legal concepts and terms such as the difference between a "felony" and a "misdemeanor". Id. at 6. Defendant seems emotionally and cognitively invested in his court case and expressed an interest in working alongside his attorney to collectively prepare a defense. Id. at 6.

It is noteworthy that Defendant experienced mental health issues throughout his childhood. Defendant grew up under an abusive father and underwent a good deal of childhood trauma. Id. at 2. This left Defendant "emotionally scarred" and he continues battling both depression and anger management to this day. Id. at 2-3. Defendant continues to report periodic suicidal thinking and he is not on any active medications to treat his depression. Id. at 3. Defendant was also enrolled in special education services throughout high school, and graduated in 2015 as an adult. Id. at 3.

Taking all data in total, despite mental health services received, Defendant is currently competent to be proceeded against and to be sentenced. As Dr. Rapadas detailed in his report, Defendant can rationally engage in conversation with his attorney, process any legal advice they may provide, and help plan a defense strategy. Although Defendant did not have a good MMSE test result, he was measured to have an average IQ and showed a willingness to talk openly with his

Decision and Order Finding Defendant Competent to Stand Trial and Rejecting Plea of Not Guilty By Reason of Mental Illness, Disease, or Defect
CF0306-19, *People of Guam v. Jonathan James Taylor*
Page 3 of 4

attorney. While Defendant is undoubtedly experiencing depression and anxiety, he remains able to have rational conversations and shows no major cognitive weaknesses or mental illness preventing him from assisting in his defense.

## II. Defendant can make any diminished capacity defense he may have during trial.

"Diminished capacity ... is not an affirmative defense that justifies or excuses conduct otherwise criminal; but rather serves to negate the *mens rea* element of the crime charged. See *People v. Jung*, 2001 Guam 15, ¶ 37. "Generally, the doctrine of diminished capacity allows a criminal defendant to introduce evidence of a mental disease, defect or abnormality *during trial.*" Id. at ¶ 30 (*emphasis added*). This is so a defendant may convince the factfinder that, although legally sane, they were "not capable of forming the necessary mental state required of the crime" for which they are charged. Id. at ¶ 30. Guam courts allow the admission of diminished capacity evidence at trial to negate the *mens rea* elements of both general and specific intent crimes. Id. at ¶ 39. Following legal precedent, the defense of diminished capacity is available to the Defendant at trial.

## CONCLUSION

For the reasons started above, the Court makes the following findings of fact and conclusions of law:

- Defendant is currently competent to stand trial and possesses the mental competency "(1) to understand the nature of the proceedings, (2) to assist and cooperate with counsel, (3) to follow the evidence, or (4) to participate in his defense." See 9 G.C.A. § 7.37(a)(1)-(4). The Defendant's case will, therefore, not be transferred to Mental Health Court.

- Defendant may present any diminished capacity defense at the trial of this matter.

**IT IS SO ORDERED** this _____JAN 0 4 2022_____.

HONORABLE MARIA T. CENZON
Judge, Superior Court of Guam

Decision and Order Finding Defendant Competent to Stand Trial and Rejecting Plea of Not Guilty By Reason of Mental Illness, Disease, or Defect
CF0306-19, *People of Guam v. Jonathan James Taylor*
Page 4 of 4